Marc D. Haefner
Patrick S. Salamea
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Ph:   973-757-1100

J. Stephen Simms (*pro hac vice* forthcoming)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Ph:  410-783-5795

*Counsel for Tradewinds Towing, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tradewinds Towing, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>Schuyler Line Navigation Co.<br><br>            Defendant,<br><br>and<br><br>Oceanfirst Bank, National Association<br><br>            Garnishee. | Civil Action No.<br><br>**IN ADMIRALTY**<br><br>*EX PARTE*<br>**MEMORANDUM FOR ORDER FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTMENT FOR SERVICE OF PROCESS**<br><br>           *Filed Electronically* |

Tradewinds Towing, LLC ("Tradewinds") hereby moves *ex parte* pursuant

to Supplemental Rule B of the Federal Rules of Civil Procedure, for the issue of Process of Maritime Attachment and Garnishment ("Writs") for property of Defendant brings this action against Schuyler Line Navigation Co. ("Schuyler") held or controlled by Garnishee or its agents located in this District, and providing further that the Clerk may issue additional writs on application of Plaintiff.

<b>This is an <i>Ex Parte</i> Motion Pursuant to the<br>Federal Supplemental Rules of Admiralty Procedure</b>

Supplemental Federal Admiralty Rule B ("*In Personam* Actions: Attachment and Garnishment") provides for issue of the requested Order in response to this motion *ex parte*, stating in pertinent part as follows:

(1) When Available; Complaint, Affidavit, Judicial Authorization, and Process. In an *in personam* action:

> (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.
>
> (b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. <u>The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment.</u> The clerk may issue supplemental process enforcing the court's order upon application without further court order.

(Emphasis added).

Plaintiff has filed a Verified Complaint seeking process to attach and garnish, pursuant to Supplemental Rule B, the property of Defendant Schuyler that is found in this District. This Court should now, on Plaintiff's Verified Complaint, and as Supplemental Admiralty and Maritime Rule B provides, grant Plaintiff's motion directing the Clerk to issue the Supplemental Rule B Writ.

## Facts

As detailed in the Verified Complaint, Tradewinds towed Schuyler's barge at agreed rates, but Schuyler unilaterally deducted amounts from Tradewinds' final statement and also has retained property of Tradewinds and not paid for that property. Tradewinds, therefore, seeks maritime garnishment and attachment, pursuant to Supplemental Admiralty Rule B, to secure and ultimately provide payment as demanded in the complaint as well as maritime prejudgment interest and costs for recovering the amount that Schuyler owes Tradewinds.

### The Writ Seeks Property Held by the Named Garnishee in this District

> Specifically, Rule B notes that process of attachment can reach all of "the Defendant's tangible or intangible personal property" and courts have construed this language expansively to recognize a variety of attachable interests -- including funds in a bank account, escrow in the court registry, debts owed to a defendant, and an arbitration award in Defendant's favor.

*Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167 (S.D.N.Y. 2009) (footnotes omitted, emphasis added). "The Rule's use of the

possessive form - "defendant's" - makes ownership of the assets a criterion of their attachability. Rule B does not require that a defendant, in addition to ownership, have full control over its goods, chattels, credits or effects." *Starboard Venture Shipping v. Casinomar Transp.*, 1993 U.S. Dist. LEXIS 15891, *9 (S.D.N.Y. Nov. 9, 1993).

> Rule B(1) . . . provides that a maritime Plaintiff may 'attach the Defendant's tangible or intangible personal property.' It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) (citation omitted). Given the breadth of Rule B, it is recognized that the Rule permits a Plaintiff to attach, for example, "debts owed to the Defendant . . . even if they have not yet matured or have only partially matured," provided that "the Defendant's entitlement to the credit or interest in the debt [is] clear." Id. (*quoting* Robert M. Jarvis, An Introduction to Maritime Attachment Practice Under Rule B, 20 J. Mar. L. & Com. 521, 530 (Oct. 1989)). Accordingly, it has been held that where a transfer of funds between two third-parties is shown to have been made for the benefit of a Defendant subject to an order of attachment, the Defendant's "property interest in" the transfer may be "sufficient to render it attachable under Rule B." *Essar Int'l, Ltd. v. Martrade Gulf Logistics*, FZCO, No. 07 Civ. 3439 (WHP), 2007 U.S. Dist. LEXIS 61713, 2007 WL 2456629, at *2 (S.D.N.Y. Aug. 23, 2007).

*Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008).

Plaintiff has, in the Verified Complaint, set out enough facts to state a claim to relief that is plausible on its face and that the Garnishee holds property of Defendant within the meaning of Supplemental Rule B. The proposed Writ filed herewith names an entity that, on information and belief, does business with

Schuyler. The proposed Order, submitted herewith, limits garnishment "to the amount sued for," as required by Supplemental Rule B.

Plaintiff's Verified Complaint sets out the factual "bases for its belief that [D]efendant[s'] property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420, *7 (S.D.N.Y. Nov. 24, 2008) (considering pleading requirements for "property held by garnishee" under Rule B). "At the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (S.D.N.Y. July 18, 2008) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)). Plaintiff's allegations

> demonstrate a "plausible" entitlement to a maritime attachment" because they "at least show that it is plausible to believe that Defendant's property will be "in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is effected.

*Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. Mar. 17, 2009).

This Court therefore should enter the proposed Order, providing for the Clerk to issue the requested Writ, because Plaintiff's Verified Complaint alleges facts that make it plausible to believe that: "(1) it has a valid *prima facie* admiralty claim against the [D]efendant [ ] (2) the Defendant [ ] cannot be found within the

district; (3) the [D]efendant [s'] property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); *Peninsula Petroleum*, 2009 U.S. Dist. LEXIS 24470 at *2–3.

Plaintiff seeks attachment of Defendant's property, namely accounts held by the Garnishee due Schuyler and any other funds/property maintained by the Garnishee for the benefit of Schuyler.

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that the Court grant the instant Motion and direct the Clerk to issue the Writ requested.

Dated: September 20, 2024

        WALSH PIZZI O'REILLY
        FALANGA LLP

         */s/ Marc D. Haefner*
        Marc D. Haefner
        Patrick S. Salamea
        Three Gateway Center
        100 Mulberry Street, 15th Floor
        Newark, New Jersey 07102

        *Counsel for Plaintiff Tradewinds Towing, LLC*

J. Stephen Simms (*pro hac vice* forthcoming)
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Ph:  410-783-5795